Filed 1/21/15  P. v. Mabie CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061419 |
| v. | (Super.Ct.No. FWV1400298) |
| PETE MICHAEL MABIE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant is serving six years in prison after pleading guilty to corporal injury to a spouse and admitting a strike prior.  We affirm his conviction.

1

## FACTS AND PROCEDURE

On October 12, 2013, defendant punched his wife in the face three or four times and grabbed her hair. When she fell to the ground, he kicked her in the shoulder and back. Defendant did this in front of the couple's three-year-old daughter and another witness. While the witness was on her cell phone with 9-1-1, defendant grabbed the phone and threw it against the wall, scratching the witness's hands. When police officers arrived defendant refused with cooperate. The officers were able to arrest defendant only after using a Taser gun on him.

On January 29, 2014, the People filed a complaint alleging defendant committed corporal injury to a spouse (Pen. Code, § 273.5, subd (a))[1]; unlawfully attempted to dissuade a witness from reporting a crime (§ 136.1, subd. (b)(1)) and; resisted an executive officer (§ 69). The People also alleged defendant had four prison term priors (§ 667.5, subd. (b)) and a strike prior (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)).

On April 1, 2014, defendant pled guilty to the corporal injury charge and admitted the strike prior, with the understanding that the remaining charges and allegations would be dismissed and that he would receive a six-year prison sentence.

On April 29, 2014, the court sentenced defendant to six years in prison as follows: the mid-term of three years for the corporal injury, doubled for the strike prior.

This appeal followed.

---

[1] All section references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant argues that his prior strike conviction for making a criminal threat (§ 422) is invalid because section 422 is unconstitutional for vagueness and is an unlawful infringement on the First Amendment right to free speech. Defendant further argues his trial counsel was ineffective for failing to raise this argument.

Section 422 describes the crime as involving: "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety . . . ."

According to defendant, his prior conviction for making a criminal threat is based on this statement to his cousin Margarita: "Don't grab me again or I'll fucking kill you."

3

Defendant provides no legal authority for his assertion that such a statement is constitutionally protected free speech.  To the contrary, "'the right to free speech is not absolute.'  [Citations.]  As our high court has acknowledged: 'Many crimes can consist solely of spoken words, such as . . . making a terrorist threat (Pen. Code, § 422) . . . "[T]he state may penalize threats, even those consisting of pure speech, provided the relevant statute singles out for punishment threats falling outside the scope of First Amendment protection.  [Citations.]  In this context, the goal of the First Amendment is to protect expression that engages in some fashion in public dialogue, that is, "'communication in which the participants seek to persuade, or are persuaded; communication which is about changing or maintaining beliefs, or taking or refusing to take action on the basis of one's beliefs . . . .'"  [Citations.]"  [Citations.]  . . .  A statute that is otherwise valid and is not aimed at protected expression, does not conflict with the First Amendment simply because the statute can be violated by the use of spoken words or other expressive activity.  [Citations.]'  [Citation.]"  (*People v. Borrelli* (2000) 77 Cal.App.4th 703, 713-714).  Based on defendant's description of the words for which he was convicted, we do not see how these words can be classified as public dialogue or aimed at changing or maintaining beliefs.

In addition, defendant refers to a case on this subject that was argued before the U.S. Supreme Court in December 2014, which we believe is *Elonis v. United States* (2014)__U.S.__,__[134 S.Ct. 2819, 189 L.Ed.2d784.]  The relevant issue in that case is whether, consistent with the First Amendment, conviction of threatening another person

under 18 U.S.C. § 875(c) requires proof of the defendant's subjective intent to threaten; or whether it is enough to show that a "reasonable person" would regard the statement as threatening. The outcome of that case is irrelevant here, because in California conviction of section 422 already requires the defendant to specifically intend that the statement be taken as a threat.

Because defendant's substantive argument has no merit, his counsel could not have been ineffective for failing to raise it.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.